IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DONNA TYSON, :
    Plaintiff, : CIVIL ACTION
v. : NO. 16-5197
     :
SCHINDLER ELEVATOR CORP., et al. :
    Defendants. :

## ORDER – MEMORANDUM

**AND NOW**, this 11th day of May, 2017, upon consideration of Plaintiff's Motion to Remand (Dkt No. 4), and Defendant's Response in Opposition thereto (Dkt No.5), it is hereby **ORDERED** that said Motion is **DENIED.** Defendant shall file an answer to Plaintiff's Amended Complaint within twenty-one (21) days of the filing of this Order.

## ANALYSIS

I.    Relevant Facts

Plaintiff alleges that she sustained serious injuries to her right shoulder while shopping at the J.C. Penney located in Willow Grove, Pennsylvania. (Am. Com., ¶ 17). While descending the store escalator, Plaintiff claims that her pocketbook became somehow ensnared and that as a result, Plaintiff was suddenly and forcibly jerked backward. (Am. Com., ¶ 17). Plaintiff initially filed her claim in the Philadelphia County Court of Common Pleas, where the case was designated a "Major Case" seeking damages in excess of $50,000.00. (Am. Com., 1). In her Complaint and subsequently filed Amended Complaint, Plaintiff indicates that her present and future earning capacity has been negatively impacted as a result of her injury, and that she experiences consistent pain, embarrassment, and a general loss of the enjoyment of life. (Am. Com., ¶ 21, 25, 29). In the Amended Complaint, Plaintiff avers that she "has expended and she may continue to expend, large sums of money for medical and surgical attention, hospitalization,

1

medical supplies, surgical appliances, medicines, and attendant services." (Am. Com., ¶ 21, 25, 29). Prior to removal and in response to discovery requests, Plaintiff furnished Defendants with, *inter alia*, statements from at least two doctors who concluded that the injuries Plaintiff sustained were serious and largely permanent. Plaintiff's claim for damages is not a sum certain, but Plaintiff's settlement demand – as of July 2016 – was for $275,000.00 (N.O.R., Ex. C).

Defendants timely removed the present action to the United States District Court for the Eastern District of Pennsylvania, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (N.O.R., ¶ 20). Plaintiff maintains that the amount sought in her Amended Complaint reflected her belief that she would need to undergo surgery on her shoulder. (Mot., ¶ 6). Since the filing of Defendants' Notice of Removal, Plaintiff claims that she has received the opinion of two orthopedic physicians who advise against surgery, and as a result thereof, Plaintiff believes that her claim is not worth the $75,000.00 required for federal diversity jurisdiction. (Mot., ¶ 7, 11). Plaintiff therefore filed the present Motion to Remand, which the Court considers herein.

II. Discussion

Except as otherwise provided by an Act of Congress, a defendant can remove any case over which the district courts of the United States have original jurisdiction. 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332(a), this Court has subject matter jurisdiction over cases in which the parties are citizens of different states and the amount in controversy exceeds $75,000.00. Plaintiff does not dispute the diversity of citizenship between the parties, but asserts that her claim can no longer meet the monetary threshold necessary to support federal jurisdiction.

As a general matter, federal courts glean the amount in controversy from the complaint itself. See Angus v. Shiley, Inc., 989 F.2d 142, 145 (3d Cir. 1993) ("The general federal rule is to decide the amount in controversy from the complaint itself."); Frederico v. Home Depot, 507

2

F.3d 188, 194 (2007) ("In removal cases, determining the amount in controversy begins with a reading of the complaint filed in state court."); Werwinski v. Ford Motor Co., 286 F.3d 661, 666 (3d Cir. 1961) (holding that the court's determination of the amount in controversy "must be based on the plaintiff's complaint at the time the petition for removal was filed."). Once the defendant successfully removes a case, events that occur subsequent to removal and reduce the amount recoverable do not automatically divest the district court of jurisdiction. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289-290 (1938). Instead, a case appropriately removed to the district court will only be dismissed if "from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff was never entitled to recover that amount…." Id. at 289. The legal certainty test of Red Cab is applicable wherever the relevant facts of the case are undisputed. Federico v. Home Depot, 507 F.3d 188, 194 (2007) (citing Samuel-Basset v. Kia Motors America, Inc., 357 F.3d 392, 398 (3d Cir. 2006)).

As Defendants' arguments for federal jurisdiction are based on the Amended Complaint and Plaintiff's discovery responses, there is no indication that the relevant facts are in dispute in the instant case. See e.g., Frederico, 507 F.3d at 198 ("[Defendant's] argument for jurisdiction is based on allegations made initially by [Plaintiff] herself. Accordingly, the present posture of the case is one where the relevant facts are not expressly in dispute between the parties."). Defendants rely on the facts as Plaintiff alleges them and nothing in Plaintiff's Motion to Remand suggests that Plaintiff contests her previous averments regarding the severity of her injury or how said injury was sustained. Juxtaposing Plaintiff's present position and that which she expressed in the Amended Complaint, all that appears to have changed is Plaintiff's belief

that she would need to undergo surgery. (Mot.,¶ 6). As such, this Court finds that the relevant facts are undisputed, and the legal certainty test of Red Cab controls.

In the present instance, remand would only be appropriate if (1) from the face of the Amended Complaint, it is apparent to a legal certainty, that Plaintiff cannot recover an award beyond the $75,000.00 threshold of 28 U.S.C. § 1332(a); or (2) if it is similarly apparent from the "proofs" that Plaintiff was never entitled to recover at least $75,000.00. Reviewing Plaintiff's Amended Complaint, this Court is unable to find, to a legal certainty, that Plaintiff cannot recover at least $75,000.00. In the Amended Complaint, Plaintiff avers that her pain is significant and persistent; she has and may continue to expend large sums of money to treat her injury and reduce her pain; her earning potential has been impaired; she may be disfigured; and she experiences emotional distress. That Plaintiff may require surgery appears, from the face of the pleadings, to be just one consideration of many that factored into Plaintiff's demand for damages. Even if surgery is no longer a concern – a fact of which this Court is not certain because Plaintiff failed to include the opinion of any doctor so advising – there are still sufficient claims upon which Plaintiff could possibly recover more than $75,000. Thus, the pleadings themselves do not make it apparent to this Court, to a legal certainty, that Plaintiff is unable to recover an award in excess of the jurisdictional limits.

The proofs available are similarly unable to persuade this Court that Plaintiff's claim should be remanded. Because Plaintiff fails to provide this Court with the opinion of any doctor that advises against surgery or otherwise suggests a decrease in the value of Plaintiff's claim, this Court only has the proofs attached to Defendants' Notice of Removal from which to decide the propriety of remand. Attached to Defendant's Notice of Removal are Plaintiff's medical records

and the reports of numerous physicians who examined Plaintiff following her alleged injury in J.C. Penney. The report of Dr. Sedacca reads, in relevant part:

> Prognosis for complete recovery must be listed [as] guarded primarily based upon the permanency of injury…This injury does constitute a serious and permanent impairment of bodily function for the patient regarding full use of her right shoulder and right arm and will continue to place her at greater risk for further injury in the future as well. As such, I can state with reasonable medical certainty that as result of this right shoulder injury from the accident of September 7, 2014, Ms. Tyson is no longer enjoying the same lifestyle, level of comfort, or level of activity involving the full use of her right should and right arm to which she was accustomed prior to this injury. Furthermore, from review of the medical records, all treatments and evaluations rendered were medically necessary to treat her and were solely related to the injury sustained on September 7, 2014.

(N.O.R., Ex. E)

The court examined Dr. Sedacca's report, that of the other examining physicians who similarly opined that Plaintiff's shoulder injury was significant and largely permanent, and the rest of the attached medical records related to Plaintiff's treatments and evaluations in the aftermath of her alleged injury. Having so reviewed, this Court is unable to conclude that the proofs indicate an inability for Plaintiff to recover in excess of the $75,000.00 necessary to justify removal. It is thus not apparent to a legal certainty, either from the face of the pleadings or from the proofs available to the court as of the filing of this Order, that the amount in controversy is below jurisdictional limits. It would be improper to grant Plaintiff's Motion to Remand.

Attached to Plaintiff's Motion for Remand is a "Stipulation Regarding Damages," in which Plaintiff appears to "stipulate and agree to reduce [her] claim for damages to less than

5

$75,000," but that has no bearing on the Court's decision here. See Angus, 989 F.2d at 145 ("As an initial matter, we note that [Plaintiff's] stipulation that her damages do not exceed [the jurisdictional limit] has no legal significance because a plaintiff following removal cannot destroy federal jurisdiction simply by amending a complaint that initially satisfied the monetary floor."). While the removal statute has been held to militate against removal, Echevarria v. Schindler Elevator Corp., 2015 U.S. Dist. LEXIS 10341 *1, *15 (E.D. Pa 2015), "[i]f the plaintiff could, no matter how bona fide his original claim in the state court, reduce the amount of his demand to defeat federal jurisdiction[,] the defendant's supposed statutory right of removal would be subject to the plaintiff's caprice. The claim, whether well or ill found in fact, fixes the right of the defendant to remove, and the plaintiff ought not to be able to defeat that right and bring the cause back to the state court at his election." Red Cab, 303 U.S at 294. In accordance with the test set forth in Red Cab, this Court finds that remand is inappropriate in the present instance. It is not apparent, to a legal certainty, from the face of the pleadings that Plaintiff could not recover at least $75,000.00, and the limited proofs available all weigh against remand.

              BY THE COURT:

              /s/ C. Darnell Jones, II
              C. DARNELL JONES, II  J.